

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ROBERT COKER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:10-00249-HFF-TER |
| | § | |
| WARDEN ADVISOR SCOTTIE BODIFORD, | § | |
|     Defendant. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted and the claim be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 17, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on October 1, 2010.

Plaintiff objects to the Magistrate Judge's recommendation that his action be dismissed for failure to exhaust his administrative remedies. In his objections, he outlines his efforts to file a timely grievance to comply with the Greenville County Detention Center's internal inmate grievance procedures. He insists that he filed a grievance with a mental health counselor, Mrs. Padget, on August 29, 2008, and that Mrs. Padget then relayed the grievance to a sergeant. Because the Court finds that the Magistrate Judge properly suggested dismissal of this case on the merits, it need not address Plaintiff's objections regarding his exhaustion of administrative remedies.

Plaintiff alleges that he was held for eight days in jail after his release was ordered. He maintains that he went to court on August 25, 2008, where he was put on probation for his charge of simple possession of crack cocaine and his armed robbery charge was dropped. He contends that he was supposed to be released that day, but instead, the detention center continued to hold him because its computer stated that his armed robbery charge was still pending. This continued detention, Plaintiff maintains, violated his rights under the Fourteenth Amendment.

Defendant agrees that Plaintiff continued to be held after he received probation for his possession of crack charge on August 25, 2008. The detention center received a fax to that effect on the same day. Defendant maintains, however, that the dismissal of the armed robbery charge was not filed with the clerk of court until September 2, 2008. It is undisputed that the court faxed the dismissal document to the detention center on the same day. It is also undisputed that, upon receiving notice of the dismissal, Plaintiff was promptly processed and released. According to Defendant, the detention center utilizes a secure fax in its management office as its standard procedure to receive communications from courts concerning the disposition of charges.

2

To maintain a successful § 1983 claim against Defendant, Plaintiff must demonstrate that Defendant deprived him of a constitutional right or a right under federal law and that Defendant was a person acting under the color of law. 42 U.S.C. § 1983. When a prisoner continues to be incarcerated after the termination of his sentence, he is potentially deprived of his rights under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. *Golson v. Dep't of Corr.*, Nos. 90-7344, 90-7345, 1990 WL 141470 , at *1 (4th Cir. Oct. 2, 1990). Because Plaintiff demands money damages for Defendant continuing to incarcerate him after his armed robbery charge was dismissed, his potential § 1983 claims must rest on one of those theories.

The Due Process Clause of the Fourteenth Amendment prohibits the State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Thus, under the Fourteenth Amendment, "[l]iberty is protected from unlawful state deprivation." *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Incarceration necessarily involves the deprivation of a prisoner's liberty, but as the Supreme Court has emphasized, "[t]he Fourteenth Amendment does not protect against all deprivations of liberty." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Rather, "[i]t protects only against deprivations of liberty accomplished 'without due process of law.' " *Id.* Importantly, the Supreme Court has held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The Fourth Circuit has accordingly noted that "to recover under the due process clause, a plaintiff [must] establish that defendants acted with something more than mere negligence." *Golson*, 1990 WL 141470, at *1. The Supreme Court explained that "false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Baker*, 443 U.S. at 146.

3

Meanwhile, the Eighth Amendment prohibits the State from inflicting cruel and unusual punishment. U.S. Const. amend. VIII. As the Ninth Circuit has observed, "[d]etention . . . beyond the termination of [one's] sentence [i]s undoubtedly punishment within the constitutional meaning of that term." *Haygood*, 769 F.2d at 1354 (citing *Bell v. Wolfish*, 441 U.S. 520, 535-40 (1979)). To constitute "cruel and unusual" punishment, however, the continued detention must be "the result of 'deliberate indifference' to the prisoner's liberty interest." *Id.* The Fourth Circuit has likewise held that "[t]o prevail under an [E]ighth [A]mendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference." *Golson*, 1990 WL 141470, at *1. The Supreme Court has "expressly equated the 'deliberate indifference' standard applied in Eighth Amendment cases with the 'subjective recklessness' standard of criminal law." *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994)). Such " 'subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk.' " *Id.* (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

The undisputed facts indicate that Defendant acted with nothing more than mere negligence, and it is doubtful that even negligence could even be ascribed to Defendant. Certainly nothing suggests that he acted with deliberate indifference. Both parties seem to agree that Defendant continued to hold Plaintiff on the good faith belief that his armed robbery charge was still pending. Defendant followed the standard procedure of waiting for a fax from the court indicating the disposition of Plaintiff's charges and ordering his release. Upon receiving the fax on September 2, 2008, Plaintiff was immediately processed and released. In the interim, nothing indicates that Defendant was ever aware of Plaintiff's plight. In fact, the only suggestion that anyone in the detention center had any knowledge of a possible improper detention comes from Plaintiff's

4

contention that he notified his mental health counselor and that she passed the grievance on to a sergeant. Plaintiff, however, acknowledges that the sergeant investigated the claim and that the computer records showed Plaintiff's armed robbery charge was still pending. These actions were an appropriate and reasonable response to the potential risk raised by Plaintiff and do not constitute deliberate indifference.

There is no genuine issue of material fact as to whether Defendant acted with anything more than mere negligence as required by the Due Process Clause or with deliberate indifference as required by the Eighth Amendment. The undisputed facts show that if any culpability can be ascribed to Defendant, it fails to extend beyond negligence, and it is doubtful that Defendant could be charged with even that. In reality, Plaintiff seeks to hold Defendant strictly liable under either the Fourteenth Amendment or the Eighth Amendment for his continued detention, but the law offers no support to such efforts. Because no violations of the Fourteenth Amendment or the Eighth Amendment can be maintained under these facts, no constitutional violation or violation of federal law exists to serve as a predicate for a § 1983 claim. Thus, the Magistrate Judge was quite correct in recommending that Defendant is entitled to judgment as a matter of law.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion for summary judgment be **GRANTED** as to Plaintiff's federal claims and that Plaintiff's federal claims be **DISMISSED** *with prejudice*. To the extent that Plaintiff asserts any state law claims, such claims are **DISMISSED** *without prejudice* so that he can file them in state court if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 29th day of October, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.